J-A27042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LYNN EDWARD ELMS | : | |
| | : | |
| Appellant | : | No. 875 WDA 2017 |

Appeal from the PCRA Order May 30, 2017
in the Court of Common Pleas of Beaver County
Criminal Division at No(s):  CP-04-CR-0001226-1998

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED JANUARY 11, 2018**

Lynn Edward Elms ("Elms") appeals, *pro se*, from the Order dismissing his eighth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On March 30, 1999, following a jury trial, Elms was convicted of second-degree murder, robbery, and criminal conspiracy.  The trial court sentenced Elms to an aggregate term of life in prison.[1]  This Court affirmed Elms's judgment of sentence for the second-degree murder conviction,[2] and

---

[1] Relevantly, Elms received a mandatory sentence pursuant to 18 Pa.C.S.A. § 1102(b), which provides that "a person who has been convicted of murder of the second degree … shall be sentenced to a term of life imprisonment."

[2] This Court vacated the separate, concurrent sentence imposed for Elms's robbery conviction because the trial court failed to merge the second-degree murder and robbery convictions for sentencing purposes.

the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Elms*, 790 A.2d 337 (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, 800 A.2d 931 (Pa. 2002).

On April 3, 2017, Elms filed the instant Petition, his eighth, challenging the legality of his sentence. On April 12, 2017, the PCRA court issued a Notice of its intention to dismiss Elms's Petition without a hearing, pursuant to Pa.R.Crim.P. 907. Elms filed a "Petition in Opposition," arguing that the PCRA court's "assertions that sec[tion] 9545(b)['s] time limits are jurisdictional [are] dicta and not based on statutory analysis." Petition in Opposition, 4/27/17, at 1. The PCRA court subsequently dismissed Elms's Petition as untimely filed. Thereafter, Elms, *pro se*, filed the instant timely appeal.[3]

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment

---

[3] The Commonwealth did not file a brief.

becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Elms's judgment of sentence became final in September 2002, when the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Sup. Ct. R. 13. Thus, because Elms filed the instant Petition in 2017, his Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(3). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094. Additionally, "*it is the petitioner's burden to plead in the petition* and prove that one of the exceptions applies. That burden necessarily entails an *acknowledgement by the petitioner that the PCRA petition under review is untimely* but that one or more of the exceptions apply." *Commonwealth v.*

*Crews*, 863 A.2d 498, 501 (Pa. 2004) (citations omitted, emphasis in original).

Here, Elms neither acknowledges that his Petition is untimely, nor pleads any of the three timeliness exceptions set forth under 42 Pa.C.S.A. § 9545(b)(3). *See Crews*, 863 A.3d at 501. Instead, Elms argues that his mandatory sentence of life in prison is illegal because the relevant sentencing statutes have since been repealed. Brief for Appellant at 9-10 (unnumbered).[4]

Elms challenges the legality of his sentence based upon a lack of statutory authorization, and such a claim is cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9542 (stating that the PCRA "provides for an action by which … persons serving illegal sentences may obtain collateral relief."); *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014) (stating that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction") (citation omitted). However, a challenge to the legality of a sentence is still subject to the PCRA's jurisdictional requirements. *See Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005) (*en banc*) (stating that "a court may entertain a challenge to the legality of a sentence[,] so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a

---

[4] Elms previously raised a similar claim in his February 2014 and July 2014 Petitions, both of which the PCRA court dismissed as untimely filed.

- 4 -

timely PCRA petition."); *see also Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (stating that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.") (citation omitted).

As previously stated, Elms's Petition is facially untimely. Additionally, Elms failed to establish an exception to the PCRA's timeliness requirement. Accordingly, we lack jurisdiction to consider the merits of Elms's challenge to the legality of his sentence. *See Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007) (stating that when a petitioner challenges the legality of his sentence in an untimely PCRA petition, "the claim is not waived, but the jurisdictional limits of the PCRA itself render the claim incapable of review.").

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/11/2018

- 5 -